IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| KEVIN STRICKLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 22-06009-CV-SJ-BP |
| | ) | |
| CORIZON, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

The Motion for Protective Order, (Doc. 17), is **GRANTED** and the Court **ORDERS** as follows:

1. This Protective Order shall apply to all documents, information, testimony and things that are in the custody or possession of the Parties and/or which were received by a Party from a third party and which are properly designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by any Party producing the information in discovery.

2. Information shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if it discloses matters that are (a) defined as closed records under Mo. Rev. Stat. §§ 217.075 and 610.021, (b) medical or mental health records, (c) records related to residents of MDOC facilities who are not parties to this lawsuit; employment records; investigation records, or (d) other information deemed confidential under the law. "ATTORNEYS' EYES ONLY" designations shall specifically apply to the types of documents listed in §§ 217.075 and 610.021; all other documents that implicate MDOC safety and security concerns (including policies), and any other documents that are deemed closed to current or former inmates of MDOC facilities by operation of applicable state or federal law.

3. It shall be obligation of the parties to mark as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" any documents or interrogatory responses provided in discovery which a party believes to contain Confidential Information or otherwise protected information pursuant to this Order. However, the failure to designate correctly any Confidential Information produced does not waive the protection otherwise attaching to the Confidential Information. Upon a party's or non-party's realization that particular information was incorrectly designated, or not designated, as Confidential Information, that party or non-party shall promptly provide notice to counsel for the other party or parties. Counsel shall then have fourteen (14) calendar days in which to designate or re-designate the information. In the interim, the information may not be used in a manner inconsistent with this Order.

4. This Court authorizes the parties and counsel for the parties to disclose protected health information of patients who have received medical treatment while in the custody and care of MDOC. Parties obtaining protected health information of such patients pursuant to this order may disclose the protected information to their experts who are employed, retained, or otherwise consulted by counsel of the parties to assist in any way in the preparation and trial of this litigation. This Order is intended to authorize such disclosure under 45 C.F.R. § 164.512(e)(1) of the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Nothing in this order shall be construed to authorize any party or any attorney for any party to release, exchange, or submit or share any protected health information with any other entity, other than as an agent or employee of the attorney or party, or to disclose the protected health information for any purpose other than this litigation. At the conclusion of this litigation all recipients of the protected health information shall return or destroy the protected health information, upon request by the producing party. However,

counsel may retain copies as part of their case files as they are kept in the normal course of business.

5. If the receiving party wishes to challenge the confidentiality designation of a document, thing, or other discovery, the receiving party shall notify the producing party in writing within 14 days, or such other mutually agreeable time period. The parties will make good faith efforts and confer pursuant to local rules to resolve any disputes that may arise under this paragraph before bringing such disputes to the Court. Any such disputes must be presented in the manner set forth in Local Rule 37.1.

6. If a deposition requires the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as confidential after transcription, provided written notice is promptly given to all counsel of record with thirty (30) days after notice by the court reporter of the completion of the transcript, or within such other mutually agreeable time period.

7. Confidential Information and any documents containing Confidential Information may be used or disclosed solely for the purpose of the preparation and trial of the above-captioned case. Maintaining confidentiality of designated Confidential Information at trial will be done under guidance as to method and order of the Court. Nothing in this Order waives any party's rights to utilize such materials at trial.

8. There is no waiver of the attorney-client privilege or the attorney work product doctrine should document(s) and thing(s) be produced which the producing Party in good faith asserts are covered by the attorney-client privilege or the attorney work product doctrine and which were

inadvertently produced. Upon prompt notice by a producing Party and upon a showing of privilege or protection together with a showing of inadvertent production, the receiving Party shall immediately return the originals and all copies of the privileged or immune document(s) or thing(s).

9. Any party that receives information designated "ATTORNEYS' EYES ONLY" through this action shall disclose them only to the following persons ("Authorized Person(s)"):

    a. the United States District Court for the Western District of Missouri and its personnel, and members of the jury in this action;

    b. attorneys in the offices of counsel of record who are actively working on this case, as well as paralegals, clerical staff and other assistants, whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

    c. retained and/or potential expert witnesses and consultants (including their employees and/or support staff) retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case – such persons must read and agree in writing to the terms of this Order;

    d. stenographic reporters and videographers (and their employees and/or support staff) who are engaged in proceedings necessarily incident to the conduct of the action;

    e. independent document reproduction services or document recording and retrieval services; and,

    f. such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

10. Any party that receives information designated "CONFIDENTIAL" through this action may disclose to all of the persons described in Paragraph 9 above and additionally may disclose them to the following persons ("Authorized Person(s)"):

    a. the parties to this action, as well as employees of the parties to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    b. interviewees, potential witnesses, deponents, and hearing or trial witnesses, where counsel for a party to this action in good faith determines the individual must be provided access to such information to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness); and,

    c. persons with prior knowledge of the documents or the confidential information contained therein.

11. It shall be the responsibility of counsel to bring this Order to the attention of all attorneys in their respective offices, as well as paralegals, clerical staff, and other support staff or assistants actively working on this case, and all witnesses and outside consultants to whom they intend to disclose protected material, and to obtain such persons' agreement to comply with the terms of this Order prior to disclosing any Confidential Information to such persons.

12. In the event any counsel of record determines that persons other than Authorized Persons (identified in Paragraphs 9 and 10 above) need to review any Confidential Information, written authorization of opposing counsel must be obtained in advance of such disclosure. Should counsel refuse such authorization, the other party may apply to the Court for authorization.

13. If any material designated "ATTORNEYS' EYES ONLY" is to be filed with the court in connection with any proceedings in this action, the party shall seek leave to file the material under seal in the manner contemplated by Federal Rule of Civil Procedure 5.2 and applicable local rules. If the filing of a sealed document in paper form is permitted by the Court or local rules, the document shall be filed in a sealed envelope or container prominently marked with the caption of the case, a general description of the contents of the envelope or container, and the notation:

> **FILE UNDER SEAL. CONTAINS CONFIDENTIAL INFORMATION COVERED BY PROTECTIVE ORDER TO BE OPENED ONLY (1) BY OR AS DIRECTED BY THE COURT OR (2) BY WRITTEN AGREEMENT OF THE PARTIES.**

Regarding material designated "CONFIDENTIAL" the party seeking to file the documents will confer with the producing party on whether such documents and to what extent they should be filed under seal.

Nothing in this paragraph shall be construed as granting permission in advance to file a document under seal.

14. The duty to keep confidential any Confidential Information or documents designated as containing Confidential Information survives the completion of this case. At the conclusion of this case, any original Confidential Information provided by any party – except for any sealed portions or any depositions and any documents filed under seal with the Court or any appellate court – shall be destroyed or returned to the entity who produced them within sixty (60) days of the conclusion of the final proceeding in this litigation, if requested. Counsel shall certify in written correspondence that any such documents have been destroyed. However, nothing in this

paragraph shall prevent counsel from retaining copies of Confidential Information as part of counsel's case files as they are kept in the normal course of business.

15. Nothing in this Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any information sought.

16. Nothing in this Order shall prevent any party from seeking a modification of, or appropriate relief from, any provision herein. Nor does anything in this Order prevent any party or entity from seeking further protection for Confidential Information or documents containing Confidential Information.

17. The termination of this litigation shall not relieve any person or party that has received Confidential Information of his, her, or its obligations under this Order.

**IT IS SO ORDERED.**

Date: July 14, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT